Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Miguel Nieves;** | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **U.S. Collections West, Inc.;** | (Jury Trial Demanded) |
| Defendant. | |

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory damages, actual damages, court costs and attorney's fees.

## II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices

by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

**III. JURISDICTION**

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue lies in

the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV. PARTIES

9. Plaintiff is an individual residing in Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as that term is defined by FDCPA § 1692a(3).
11. Defendant U.S. Collections West, Inc. ("USCW") is an Arizona collection agency.
12. USCW is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0007027.
13. USCW collects or attempts to collect debts owed or asserted to be owed or due another.
14. USCW is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### V. FACTUAL ALLEGATIONS

15. In 2008, Plaintiff leased a residential apartment from Monterey Point Apartments.
16. In November 2009, after fulfilling all the terms of his lease, Plaintiff moved out of the apartment.
17. Plaintiff never received any billing or notice from Monterey Apartments concerning any balance claimed to be due and owing.
18. In or about December 2009, Monterey assigned an alleged debt it claimed Plaintiff owed from his lease to USCW for collection purposes.
19. In or about January 2010, USCW sent Plaintiff a letter dated December 18, 2009 concerning the Monterey debt. (A copy of this letter is attached

|   |     |                                                                                     |
|---|-----|-------------------------------------------------------------------------------------|
| 1 |     | hereto as Exhibit A).                                                               |
| 2 | 20. | Exhibit A was the first communication sent by USCW to Plaintiff concerning the Monterey debt. |
| 4 | 21. | Plaintiff received Exhibit A on January 9, 2010.                                    |
| 5 | 22. | USCW failed to state in its initial written communication to Plaintiff the correct "amount of the debt" allegedly owed as required by FDCPA § 1692g(a)(1). |
| 8 | 23. | In Exhibit A, USCW failed to state that the amount of the debt might vary from day to day because of, for example, interest, late charges, or other charges. |
| 11 | 24. | USCW also failed to notify Plaintiff in its initial written communication of his right to obtain an up to date amount of the debt allegedly due. |
| 13 | 25. | The case of Miller v. McCalla et al., 214 F.3d 872 (7th Cir. 2000), sets forth "the debt collectors duty to state the amount of the debt in cases like this where the amount varies from day to day." *Id.* at 876. |
| 16 | 26. | USCW failed to comply with that duty.                                               |
| 17 | 27. | On January 16, 2010, a collector for USCW left the following message on Plaintiff's voice mail: "This message is for Miguel. This is Diana. Can you please return my call. My number is 602-995-3494 and my extension is 269." |
| 21 | 28. | During this call to Plaintiff, the USCW collector failed to meaningfully disclose her identify as required by 15 U.S.C. § 1692d(6). |
| 23 | 29. | During the call to Plaintiff, the USCW collector failed to state that the communication is from a debt collector as required by 15 U.S.C. § 1692e(11). |

1  30. On January 27, 2010, Plaintiff sent USCW a letter disputing the debt and
2      requesting verification.
3  31. Also in his letter of January 27, 2010, Plaintiff instructed USCW to cease
4      all telephone calls to Plaintiff concerning the Monterey debt.
5  32. USCW received Plaintiff's letter on January 29, 2010.
6  33. On or after January 29, 2010, USCW mailed Plaintiff a letter dated January
7      28, 2010 in response to Plaintiff's letter of January 27, 2010.  (A copy of
8      the January 28, 2010 letter is attached hereto as Exhibit B).
9  34. In Exhibit B, the amount USCW claimed to be due has increased since it
10     mailed Plaintiff Exhibit A.
11 35. USCW's actions set forth herein were intentional, willful, and in gross or
12     reckless disregard of Plaintiff's rights and part of its persistent and routine
13     practice of debt collection.
14 36. In the alternative, Defendant's actions were negligent.

15                          **VI.  Causes of Action**
16                     **a.  Fair Debt Collection Practices Act**
17 37. Plaintiff repeats, realleges, and incorporates by reference the foregoing
18     paragraphs.
19 38. Defendant's violations of the FDCPA include, but are not necessarily
20     limited to, 15 U.S.C. §§ 1692d(6), 1692e(11), and 1692g.

21                       **VII.  DEMAND FOR JURY TRIAL**
22     Plaintiff hereby demands a jury trial on all issues so triable.
23                         **VIII.  PRAYER FOR RELIEF**
24     WHEREFORE, Plaintiff requests that judgment be entered against
25 Defendant for:

1      a)      Statutory damages of $1,000 pursuant to FDCPA § 1692k;

2      b)      Actual damages in amount to be determined at trial;

3      c)      Costs and reasonable attorney's fees pursuant to §1692k; and

4      d)      Such other relief as may be just and proper.

DATED  May 28, 2010  .

                     s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff